# PROCTOR HEYMAN LLP

ATTORNEYS AT LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 • FAX: 302.472.7320 • WWW.PROCTORHEYMAN.COM

Direct Dial: (302) 472-7311
E-mail: dgattuso@proctorheyman.com

**VIA E-FILING**

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Unit 19
Wilmington, DE 19801-3569

  Re: *Shire LLC et al. v. Actavis Elizabeth LLC et al.,*
    C.A. No. 1:10-cv-00329-GMS (Consolidated)

Dear Chief Judge Sleet:

  As counsel to Defendants Actavis Elizabeth LLC and Actavis, Inc. (collectively "Actavis"), I write to request a scheduling conference and a date for the Markman hearing that was scheduled to have been heard on May 27, 2011, until Judge Dalzell (E.D. Pa.) stayed the case and divested himself of jurisdiction on May 12, 2011.

I. Background

  This is a consolidated Hatch-Waxman patent infringement action over U.S. Patent Nos. 5,854,290, 6,287,599 and 6,811,794 ("the '290, '599 and '794 patents," respectively). The '290 patent relates to a method of using guanfacine to treat a behavioral disinhibition and the '599 and '794 patents relate to a pharmaceutical composition for pH-dependent pharmaceutically active agents.

  On April 22, 2010, Plaintiffs filed a Complaint alleging that Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd. (collectively "Teva") infringed the '599 and '794 patents under 35 U.S.C. § 271(e)(2) by filing its ANDA. On May 12, 2010, Plaintiffs filed a Complaint alleging that Actavis infringed the '290, '599 and '794 patents under 35 U.S.C. § 271(e)(2) by filing its ANDA. Finally, on June 2, 2010, Plaintiffs filed a Complaint alleging that Anchen Pharmaceuticals, Inc. and Anchen Inc. (collectively "Anchen") infringed the '290, '599 and '794 patents under 35 U.S.C. § 271(e)(2) by filing its ANDA. Plaintiffs thereby triggered the statutory 30-month stay of FDA's approval of Defendants' ANDAs. The stay is lifted by a final court decision that the patents-in-suit are not infringed or are invalid or unenforceable. 21 U.S.C. § 355(j)(5)(B)(iii). Without FDA approval, Defendants cannot begin



to market the ANDA products. Therefore, Plaintiffs have a clear interest in ensuring that this litigation progresses slowly, while Defendants and American consumers have an interest in the products coming to market without delay. *See In re Barr Labs.*, 930 F.2d 72, 76 (D.C. Cir. 1991) (the purpose of Hatch-Waxman is to get "generic drugs [into] the hands of patients at reasonable prices – fast").

II.     Current Status

Each of these three cases was assigned to Judge Stewart Dalzell of the Eastern District of Pennsylvania in lieu of the vacant judgeship in the United States District Court for the District of Delaware. On August 2, 2010, the cases against Actavis, Anchen and Teva were consolidated under Civil Action No. 10-329. (D.I. 15.)

In compliance with Judge Dalzell's October 15, 2010 Scheduling Order, Actavis completed its document production on February 14, 2011. Plaintiffs, after seeking an extension for the completion of document production, completed their document production on March 21, 2011. The parties have exchanged written discovery and are on the verge of serving deposition notices. In addition, Actavis served six subpoenas on third parties, seeking both documents and testimony on topics related to the patents-in-suit. (D.I. 41, 44-48.) The parties completed claim construction briefing and were preparing for the Markman hearing before the May 12, 2011 stay in the proceedings was entered. Judge Dalzell's October 15, 2010 Order did not provide a timeline for the case beyond fact discovery.

III.    Conclusion

Prior to the May 12, 2011 stay, Actavis was on target to complete fact discovery by the court-ordered August 31, 2011 deadline. Actavis respectfully requests that the Court schedule a Markman hearing and that a scheduling conference be calendared at the Court's earliest convenience so that the parties may stay on track with respect to the completion of fact discovery and claim construction, and that a schedule may be set for the remainder of the case.

Respectfully,

Dominick T. Gattuso (# 3630)

DTG/daa

cc:  All Counsel of Record