## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRE LLC,<br>SUPERNUS PHARMACEUTICALS, INC.,<br>AMY F.T. ARNSTEN, PH.D.,<br>PASKO RAKIC, M.D. and<br>ROBERT D. HUNT, M.D.,<br><br>          Plaintiffs,<br><br>vs.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>TEVA PHARMACEUTICAL INDUSTRIES,<br>LTD., ACTAVIS ELIZABETH LLC,<br>ACTAVIS, INC., ANCHEN<br>PHARMACEUTICALS, INC., and<br>ANCHEN INC.,<br><br>          Defendants. | Civil Action No. 1:10-cv-00329-GMS<br>(Consolidated) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have stipulated that certain discovery material be treated as confidential;

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of plaintiffs, Shire LLC ("Shire"), Supernus Pharmaceuticals, Inc. ("Supernus"), Amy F.T. Arnsten, Ph.D. ("Arnsten"), Pasko Rakic, M.D. ("Rakic"), and Robert D. Hunt, M.D. ("Hunt"), (collectively "Plaintiffs") and defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (together "Teva"), Actavis Elizabeth LLC and Actavis, Inc. (together "Actavis"), Anchen Pharmaceuticals, Inc. and Anchen Inc. (together "Anchen"), (collectively "Defendants") or non-

parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information. Accordingly, it is this___day of June, 2011, by the United States District Court for the District of Delaware, ORDERED:

<u>Definitions</u>

1.     The term "Protected Information" shall mean any document or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business, confidential, or proprietary information, including, but not limited to, all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition and trial (or other hearing) testimony and exhibits that  is designated pursuant to this Order.  In designating information as "Protected Information," a party or non-party ("designating party") shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest.  Each party shall act in good faith in designating information as "Protected Information."

2.      This Protective Order establishes two categories of Protected Information.  Information in the higher category is referred to as "Highly Confidential Information" and is designated as "Highly Confidential Information – Attorneys' Eyes Only."  Information in the lower category is referred to and designated as "Confidential Information."

3.      The "Highly Confidential Information – Attorneys' Eyes Only" designation may only be used by a designating party for commercially-sensitive information (e.g., about business plans and objectives, marketing, sales, revenues, profits, and forecasts), products in development, and future plans, strategies, and programs; and may not be used for technical information relating to, referring to, or concerning each of the Defendants' respective Abbreviated New Drug Application ("ANDA") or the products that are the subject of such ANDA, or Shire's New Drug Application ("NDA") 022037 or the products that are the subject of such NDA.  The Highly Confidential Information – Attorneys' Eyes Only Information designation includes communications concerning Highly Confidential Information and any information or data derived from Highly Confidential Information.  This designation shall be made in good faith.  Protected Information that is designated as "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to the individuals identified in paragraphs 5(a)-5(g).  Highly Confidential Information may also be disclosed to the individual identified in paragraph 5(h) only when and to the extent that such Highly Confidential Information is cited or disclosed in (i) documents filed with the Court (not including discovery disputes); (ii) expert reports exchanged pursuant to Federal Rule of Civil Procedure 26(a)(2); or (iii) responses to discovery requests, such as requests for admission or contention interrogatories.  For the avoidance of doubt, this provision does not authorize disclosure of a Defendant's Highly

Confidential Information to any other Defendant's personnel identified pursuant to

paragraph 5(h), except as may otherwise be agreed upon in writing by the Defendants.

4.  The "Confidential Information" designation shall mean and include material of a

designating party other than that designated Highly Confidential Information –

Attorneys' Eyes Only that is not publicly known and which the designating party would

not normally reveal to third parties or, if disclosed, would require such third parties to

maintain in confidence.  Material that is designated Confidential Information may be

disclosed to any of the individuals identified in Paragraph 5, subject to the other

restrictions identified herein.

5.  The term "Qualified Person" shall mean:

    a.  the Court and its official personnel;

    b.  Plaintiffs' outside counsel of record in Case No. 10-cv-329-GMS (consolidated)

        and their law firms' active members, associate attorneys, paralegals, office staff

        and contract or temporary attorneys retained by such law firms to work on this

        case ("Plaintiffs' Outside Counsel"), the contract or temporary attorneys of whom

        will sign Exhibit A;

    c.  outside counsel of record for each of the Defendants in Case No. 10-cv-329-GMS

        (consolidated) and their law firms' active members, associate attorneys,

        paralegals, office staff and contract or temporary attorneys retained by such law

        firms to work on this case ("Defendants' Outside Counsel"), the contract or

        temporary attorneys of whom will sign Exhibit A;

    d.  court reporters, stenographers, videographers, interpreters, translators, document

        coding or computerization services, third-party photocopy, data or imaging

services contractors, third-party contractors producing graphic or visual aids and
their respective assistants involved solely in providing litigation support services
to Plaintiffs' or Defendants' Outside Counsel;

e.  any independent expert or consultant who is retained by Plaintiffs' or Defendants'
Outside Counsel and their staffs solely for the purpose of assisting in any way in
this action, and any testing laboratory retained by Outside Counsel or any expert
or consultant.  For the purposes of this Protective Order, the terms "independent
expert" and "consultant" shall not include any officer, director, or employee of
any Party;

f.  a witness testifying under oath in any deposition or other proceeding of the above-
captioned litigation who: (1) is or was an officer, director, or employee of the
designating party; (2) is the author, recipient, or intended recipient of the Highly
Confidential Information or Confidential Information; (3) is reasonably believed
to have had access to or knowledge of the Highly Confidential Information or
Confidential Information; (4) has been designated by the designating party under
Fed. R. Civ. P. 30(b)(6) on a topic to which the Highly Confidential Information
or Confidential Information pertains; or (5) has the consent of the designating
party to such disclosure;

g.  jury consultants involved solely in providing litigation support services to Outside
Counsel;

h.  two (2) in-house counsel of a Party and their paralegals and support staff, who
have responsibility for managing, evaluating or consulting with respect to this
litigation, provided such counsel have signed a non-disclosure agreement in the

form attached hereto as Exhibit A.  The in-house counsel of a Party may be
substituted by another in-house counsel of that same Party on a one-for-one basis
provided that the in-house counsel to be substituted meet all the conditions set
forth in this paragraph 5(h), and further provided that no more than two in-house
counsel of a Party may at any time be a Qualified Person as defined herein.  With
respect to the individuals as plaintiffs, namely Arnsten, Rakic and Hunt, who have
no in-house counsel, Arnsten is designated as a Qualified Person pursuant to this
paragraph and is subject to all of the restrictions set forth herein on other
Qualified Persons identified pursuant to this paragraph.

    i.   any other person who is designated as a "Qualified Person" by order of the Court
or by written agreement of the parties.

6.    The disclosure of Confidential and Highly Confidential information is further subject to
the following restrictions:

    a.   The individuals specified in paragraphs 5(b), 5(c), 5(e), 5(f) and 5(h) who have
received Confidential or Highly Confidential Information may not participate in
the preparation of any materials which are directly used in the drafting or
prosecution of applications claiming or involving controlled-release formulations
of guanfacine or processes for making guanfacine or controlled-release
formulations of guanfacine enduring the pendency of this action, without prior
approval from the Court to do so.  The restrictions of this paragraph shall apply to
individuals and not the organizations by which they are employed or affiliated,
provided, however, that an appropriate ethical wall shall be established if others at
the organization participate in or prepare materials for such prosecution.

b.  Defendants shall not disclose each other's Confidential or Highly Confidential information to persons described in paragraph 5(h).

c.  Plaintiffs shall not disclose Confidential or Highly Confidential information designated in this litigation by one Defendant to any person described in paragraphs 5(c)-5(h) that is retained or employed by another Defendant for the purposes of this litigation.

<u>Use of Protected Information</u>

7.  Protected Information shall be used solely for the purpose of this action.  Specifically, Protected Information shall not be used or disclosed by any Qualified Person for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  For sake of clarity, no Party or person receiving another Party's Confidential or Highly Confidential Information shall use such other party's Confidential or Highly Confidential Information in any way in any proceedings involving the Food and Drug Administration (including citizen petitions and APA litigation) that concern any application for regulatory approval filed by any party concerning controlled-release guanfacine or in any proceeding before the USPTO.

8.  Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

a.  was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

b.  was or becomes available to the public through no fault of a Qualified Person;

     c.   was or is obtained from a source not under an obligation of secrecy to the

         designating party;

     d.   is exempted from the operation of this Protective Order by written consent of the

         designating party; or

     e.   is exempted by order of this Court.

<u>Disclosure of Protected Information</u>

9.     Protected Information shall not be made available to anyone other than a Qualified

Person or the designating party, except as otherwise provided in this Protective Order.

10.    A document that contains or reveals Protected Information may be shown to any person

indicated in such document to be its originator or author or the recipient of a copy.

11.    Nothing in this Protective Order shall prevent disclosure of Protected Information if the

designating party consents to such disclosure or if the Court, after notice to all parties,

orders such disclosure.

12.    Regarding disclosure of Protected Information to Qualified Persons:

     a.   Counsel desiring to disclose Protected Information to an independent expert, a

         consultant or testing laboratory according to subparagraph 5(e) shall first obtain a

         signed declaration in the form shown in attached Exhibit A from that

         person/entity.  At least seven (7) business days in advance of the proposed

         disclosure of any Protected Information to that person, counsel shall serve on all

         parties that person's signed declaration and curriculum vitae or resume.  A

         designating party may object to such disclosure for cause by serving a written

         objection upon each other party within seven (7) business days after receiving the

         signed declaration.  Failure to timely object shall operate as a waiver of the

objection.  Opposing counsel shall make a good faith effort to reach an agreement

regarding the proposed disclosure to the expert, consultant, or testing laboratory.

If an agreement cannot be reached, the objecting Party shall make an appropriate

motion within seven (7) business days after the objection is made.  The burden

shall be on the objecting Party to show the Court why the disclosure should not be

made.  If an objection is made, no Highly Confidential or Confidential

Information shall be made available to the particular expert, consultant, or testing

laboratory until after the Court rules that disclosure can be made, so long as the

objection is followed by a timely motion.

    b.   Counsel desiring to disclose Protected Information to a person according to

paragraphs 5(g), 5(h), and/or 5(i) shall first obtain a signed declaration in the form

shown in attached Exhibit A from that person.

13.    If Highly Confidential or Confidential Information is disclosed to anyone other than in a

manner authorized by this Protective Order, the Party responsible for such disclosure

must immediately bring all pertinent facts relating to such disclosure to the attention of

the designating party and make every reasonable effort to retrieve such Highly

Confidential or Confidential Information and to prevent further disclosure.

<u>Identification and Marking of Protected Information</u>

14.    Any document or other tangible thing that contains or reveals Protected Information shall

be labeled with the legend "CONFIDENTIAL" or the legend "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such designations shall be made in

good faith.  For a document, such marking shall appear on the initial page and each page

of the document that contains Protected Information.  In the case of computer medium,

the marking shall be placed on the medium and its label and/or cover.  In the case of a product sample, the marking shall be placed on the container for the sample.  To the extent practical, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" designation shall be placed near the production number.  Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the designating party by serving written notice on all parties.  Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order.

15.    When a party initially produces documents for inspection, no marking need be made to such documents  in advance of the inspection.  There will be no waiver of confidentiality by the inspection of Protected Information before it is copied and marked confidential pursuant to the procedure of paragraph 14.  For purposes of the inspection, all documents shall be treated as Highly Confidential Information – Attorneys' Eyes Only.  After the inspecting party selects documents for production, the designating party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

16.    Testimony or information disclosed at a deposition may be designated as Protected Information either (a) on the record at the deposition or (b) by serving a written notification within thirty (30) calendar days of receipt of the final transcript by counsel for the designating party.  A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person.  All information disclosed during a deposition shall be treated as

Highly Confidential Information – Attorneys' Eyes Only until at least thirty (30) calendar days after a final transcript of the deposition is received by counsel for each of the parties.  A deponent may review the transcript of his or her deposition at any time.

17.   Only Qualified Persons and the deponent shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

18.   Deposition transcripts containing Protected Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS PROTECTED INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

19.   In the case of responses to interrogatories or other discovery requests, information contained therein may be designated as Highly Confidential – Attorneys' Eyes Only or Confidential Information by prominently marking such paper with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" respectively.

20.   Any memoranda, pleadings, affidavits or other papers served or filed with the Court that incorporate materials designated as Highly Confidential—Outside Counsel Only or Confidential Information shall be prominently marked on the cover (near the caption to the extent practicable) with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" respectively, and maintained confidential pursuant to the procedures of this Court.

## Drafts of Expert Reports

21.   The parties agree that no party or independent expert witness or consultant or testing laboratory, whether designated as a testifying witness or not, is required to maintain or produce drafts of expert reports or communications with outside counsel relating to the

captioned matter, or notes made or taken during preparation of laboratory testing or
expert reports.  Communications between an independent expert witness, consultant, or
testing laboratory and a party's attorneys shall not be discoverable, except that facts or
data contained in such communications and reviewed by or relied upon by such expert
witness, consultant, or testing laboratory will become discoverable if and when such
individual or entity is designated as a testifying witness.

22.    Facts and data generated or reviewed by an expert, consultant, or testing laboratory and
relied upon by such individual or entity will become discoverable if and when such
individual or entity is designated as a testifying witness. The parties and testifying
experts, consultants or testing laboratory shall fully comply with all other disclosure
requirements of Federal Rule of Civil Procedure 26(a)(2) subject to the exclusions set
forth in this Protective Order.

Inadvertent Failure to Designate

23.     The inadvertent failure by a party to designate specific documents or materials as
containing Protected Information shall not be deemed a waiver in whole or in part of a
claim of confidentiality as to such documents or materials.  Upon notice to each party of
such failure to designate, each party shall cooperate to a reasonable extent to restore the
confidentiality of the inadvertently disclosed information.

24.    Upon notice to the receiving party of such failure to designate, the receiving party shall
(1) take all reasonable steps to retrieve the relevant material, including any summaries
and/or notes related to the Highly Confidential or Confidential Information, to the extent
it has been disclosed to persons who would not be authorized to view it under Paragraph
5; and (2) return to the producing party any unmarked or improperly marked copies of the

relevant material that are recovered or certify in writing that any such copies have been destroyed within ten (10) calendar days of receipt of properly designated substitute copies.  The receiving party reserves the right to challenge the designation of materials as Highly Confidential or Confidential Information.

Challenges to Protected Information Designation

25.     If any Qualified Person disputes or challenges the designation of any information as Protected Information such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

26.     A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees at any time with a Protected Information designation made by another party, a good faith attempt to resolve the dispute on an informal basis shall be made by the parties.  In the event the dispute cannot be resolved informally, the following procedure shall be used:

a.      The party seeking the removal of the designation of Protected Information shall give Outside Counsel for the designating party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The designating party shall have fourteen (14) calendar days after receiving that notification within which to object to the removal of protection afforded by this Order.  Any such objection shall be made in writing.  Failure to object within the requisite time limit is deemed a waiver of

any claim to protection for that specific document, thing, or information under this Protective Order.

b.  If the designating party objects in a timely fashion, then the party seeking the removal of protection for the designated Protected Information shall file and serve a motion with the Court; the designated material shall continue to be treated as Protected Information until the issue is resolved by Order of this Court or by agreement of the parties in dispute over the designation of Protected Information.

c.  On any motion arising out of the designation of any material as Protected Information under this Protective Order, the burden of justifying the designation shall lie with the designating party.

27.   Any Party may request permission to use or disclose any materials designated as Highly Confidential or Confidential Information other than as permitted under Paragraphs 5 and 6 by serving a written request upon counsel for the designating party before the date of the proposed disclosure. Such request shall specifically identify the Highly Confidential or Confidential Information sought to be so disclosed, including the production number(s), and the name, title and function of the person(s) to whom such disclosure is desired to be made.

28.   The designating party shall respond to requests under Paragraph 27 in writing within seven (7) business days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of the requested disclosure, the matter may be submitted to the Court for resolution by the

Party seeking disclosure.  Such disclosure shall be postponed until a ruling has been

obtained from the Court.

Inadvertent Production of Privileged Information

29.   Inadvertent production of documents or information to the receiving party, including the

use of such materials in depositions, pleadings or any written discovery; or disclosing

such materials to the Court, subject to the attorney-client privilege, work-product

immunity, or any other applicable privilege or immunity shall not constitute a waiver of

such privilege(s) or immunities.  Inadvertent production of documents or information

shall be handled as follows, without prejudice to the right of any party to apply to the

Court for further protection or disclosure relating to discovery:

a.   Immediately upon receiving notice from the producing party that documents or

materials subject to the attorney-client privilege or work-product immunity have

been inadvertently produced, the receiving party shall not review, copy, or

otherwise disseminate the documents or materials, or disclose their substance.  In

addition, the receiving party shall return the documents or materials, all copies, as

well as the sections of any analyses, memoranda or notes referencing such

information, or represent in writing that all such documents and materials have

been destroyed within five (5) business days from receiving notice.  If portions of

a produced document contain inadvertently produced material(s) subject to the

attorney-client privilege or work-product immunity, the producing party shall

provide a replacement copy of the document with privileged material(s) redacted.

Within five (5) business days from receiving the replacement copy of the

document the receiving party shall return the unredacted document containing the

inadvertently produced material(s) or represent in writing that all such documents and materials have been destroyed.  For sake of clarity, the receiving party may retain copies of pleadings and correspondence or other communications with the producing party or the Court that reference the inadvertently produced documents or materials.  Such notification by the producing party shall constitute reasonable precautions to prevent disclosure and reasonably prompt measures to rectify the inadvertent production within the meaning of Fed. R. Evid. 502(b).

b.   The producing party must disclose the basis for its assertion of privilege by listing any inadvertently produced documents on a privilege log and producing such privilege log within ten (10) business days of providing notice of the inadvertent production.  Absent good cause shown, the producing party's failure to provide a privilege log for the inadvertently produced documents within ten (10) business days of providing notice of the inadvertent production shall constitute a withdrawal of the notice of inadvertent production.

c.   If the receiving party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the receiving party shall provide to Outside Counsel for the producing party, within seven (7) calendar days after receipt of the producing party's request for return, a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged.

d.   Outside Counsel for the producing party shall respond in writing to the receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) calendar days from receipt of the challenge.

e.  In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has seven (7) calendar days from receipt of the producing party's written response to the privilege challenge to seek relief from the Court compelling production of the inadvertently produced documents or information.  The receiving party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material.  Nor may the receiving party challenge the privilege or immunity status on the fact or circumstance that the material has been inadvertently produced or disclosed.  In the event that the challenge to a claim of privilege comes before the Court, the producing party shall have the burden of proving that the produced documents or information are privileged.

30.  Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has twenty-one (21) calendar days from the date of use or disclosure to provide notice of the inadvertent production.  Notwithstanding any other provision of this Protective Order, failure to provide notice within this 21-day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.  Handling of the inadvertently produced documents or information following notice pursuant to this paragraph will be governed by the provisions set forth in paragraphs 29a-e.

## Filing of Protected Information

31.     The Clerk of the Court is directed to maintain under seal any pleading, motion, brief,

memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request,

or other paper filed with the Court that has been designated, in whole or in part, as

containing or revealing Protected Information.

32.     To the extent that any materials subject this Protective Order (or any pleading, motion, or

memorandum referring to them) are proposed to be filed or are filed with the Court, those

materials and papers, or any portion thereof which discloses Protected Information, shall

be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked

"SEALED PURSUANT TO ORDER OF COURT DATED," together with a

simultaneous motion pursuant to Local Rule 5.1.3 (hereinafter the "Interim Sealing

Motion").  The Interim Sealing Motion shall be governed by Local Rules 5.1 and 5.2.

Even if the filing party believes that the materials subject to the Confidentiality Order are

not properly classified as confidential, the filing party shall file the Interim Sealing

Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly

without prejudice to the filing party's rights under paragraphs 23-24.

## Advice to Clients

33.     Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from

rendering advice to his or her client with respect to this action and, in the course thereof,

referring to or relying upon his or her examination of Protected Information.  In rendering

such advice and in otherwise communicating with his or her client, the attorney shall not

disclose any Protected Information if such disclosure would be contrary to the provisions

of this Protective Order.

<u>Miscellaneous</u>

34.     No party shall be responsible to another party for any use made of information that is produced and not designated as Protected Information.

35.     Nothing in this Protective Order shall prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery (e.g., lack of relevance, privilege or any other ground other than confidentiality), or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Highly Confidential or Confidential Information.

36.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

37.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

38.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.  However, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

39.     Within sixty (60) calendar days after the termination of this litigation (including any appeals), each Party shall undertake a reasonable search of hard-copy files and electronic

databases which serve the principal purpose of acting as repositories of documents, things, and other materials produced or designated as Protected Information to identify each document and each other tangible thing that contains or reveals Protected Information.  The identified Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be either (a) returned to the attorney of record for the designating party or (b) destroyed with a written representation of such destruction being made to the attorney of record for the designating party within seven (7) calendar days of such destruction.  The return or destruction of Protected Information includes such Protected Information in the possession of experts, consultants and testing laboratories. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product, correspondence between outside counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order

40.   The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

41.   The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

42.   The terms and procedures of this Protective Order shall be applicable to any third party who produces information that is designated by such third party as Protected Information pursuant to this Protective Order.

43.   Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Plaintiffs shall be

made to Edgar H. Haug or Sandra Kuzmich; notice to Teva shall be made to Bruce M.

Gagala, notice to Actavis shall be made to Mathew J. Becker or Chad A. Landmon,

notice to Anchen shall be made to Maureen L. Rurka, all at their respective addresses of

record filed with this Court for this civil action.

| CONNOLLY BOVE LODGE & HUTZ LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Francis DiGiovanni | /s/ David E. Moore |
| Francis DiGiovanni (#3189) | Richard L. Horwitz (#2246) |
| Jeffrey L. Eichen (#5331) | David E. Moore (#3983) |
| Connolly Bove Lodge & Hutz LLP | Hercules Plaza, 6th Floor |
| The Nemours Building | 1313 N. Market Street |
| 1007 North Orange Street | Wilmington, Delaware 19801 |
| P.O. Box 2207 | Tel:  (302) 984-6000 |
| Wilmington, Delaware 19801 | rhorwitz@potteranderson.com |
| Tel:  (302) 658-9141 | dmoore@potteranderson.com |
| fdigiovanni@cblh.com | |
| jeichen@cblh.com | *Attorneys for Defendants* |
| | *Teva Pharmaceuticals USA, Inc. and Teva* |
| *Attorneys for Plaintiffs* | *Pharmaceutical Industries Ltd.* |

| PROCTOR HEYMAN LLP | PHILLIPS, GOLDMAN & SPENCE, P.A. |
|---|---|
| /s/ Dominick T. Gattuso | /s/ Megan C. Haney |
| Dominick T. Gattuso (#3630) | John C. Phillips, Jr. (#110) |
| 300 Delaware Avenue, Suite 200 | Megan C. Haney (#5016) |
| Wilmington, Delaware 19801 | 1200 North Broom Street |
| Tel:  (302) 472-7300 | Wilmington, Delaware 19806 |
| dgattuso@proctorheyman.com | Tel:  (302) 655-4200 |
| | JCP@pgslaw.com |
| *Attorneys for Defendants* | Mch@pgslaw.com |
| *Actavis Elizabeth LLC and Actavis, Inc.* | |
| | *Attorneys for Defendants* |
| | *Anchen Pharmaceuticals, Inc. and Anchen Inc.* |

SO ORDERED this _____ day of _____, 2011.

_____
United States District Judge

*EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHIRE LLC,<br>SUPERNUS PHARMACEUTICALS, INC.,<br>AMY F.T. ARNSTEN, PH.D.,<br>PASKO RAKIC, M.D. and<br>ROBERT D. HUNT, M.D.,<br><br>           Plaintiffs,<br><br>vs.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>TEVA PHARMACEUTICAL INDUSTRIES,<br>LTD., ACTAVIS ELIZABETH LLC,<br>ACTAVIS, INC., ANCHEN<br>PHARMACEUTICALS, INC., and<br>ANCHEN INC.,<br><br>           Defendants. | Civil Action No. 1:10-cv-00329-GMS<br>(Consolidated) |

**<u>DECLARATION AND AGREEMENT TO BE BOUND</u>**

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present

employer is _____.

3. My present occupation or job description is

_____.

4. I have received and carefully read the Stipulated Protective Order in the above captioned case,

which is dated _____, 2010.  I certify that I understand the terms of that Protective

Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.

Further, I understand that unauthorized disclosure of any Protected Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in the above-captioned litigation.

I understand that I will use the Highly Confidential – Attorneys' Eyes Only or Confidential Information solely for purposes relating to the above-captioned litigation.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

At the termination of this litigation or any time requested by counsel, I will return to counsel for the Party by whom I am employed or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Highly Confidential – Attorneys' Eyes Only or Confidential Information that have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such Highly Confidential – Attorneys' Eyes Only or Confidential Information as required under the terms of the Stipulated Protective Order.

Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed On:_____            _____